UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HOSIER,

                    Plaintiff,

    - against -

GARY STAFFA,

                    Defendant.

Index No. 06 CIV. 2031

COMPLAINT ROBINSON

## INTRODUCTION

1. Plaintiff was employed by defendant as a laborer in defendant's blacktopping business. Plaintiff routinely was required to be at work for hours for which he received no compensation.

2. Plaintiff seeks unpaid minimum wages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.* and Articles 6 and 19 of the New York State Labor Law and their implementing regulations.

3. Plaintiff also seeks reimbursement for the unpaid work hours at his promised rate of pay.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

5. This Court has supplemental jurisdiction over the state law claims raised by virtue of 28 U.S.C. §1367(a).

## PARTIES

**A.   Plaintiff**

6. Plaintiff WILLIAM HOSIER was an employee of defendant GARY STAFFA.

7. Plaintiff resides at 1361 Route 44, Pleasant Valley, New York 12569.

8. Plaintiff was engaged in commerce while working for defendant.

**B.   Defendant**

9. Defendant GARY STAFFA owns and operates a blacktopping business, known as Art Staff Blacktopping, at 28 Dupay Road, Pleasant Valley, New York 12569.

10. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

## FACTS

11. Plaintiff was employed by Defendant.

12. Plaintiff consistently worked hours for Defendant for which he received no compensation.

13. Plaintiff began his work for Defendant on or about November 17, 2003.

14. Plaintiff worked for defendant until October 21, 2005

15. During the time period he was employed by Defendant, Plaintiff worked five days per week, weather permitting, from April to December.

16. Defendant failed to pay plaintiff for all of the hours he was required to be at work.

17. Defendant required Plaintiff to be at 28 Dupay Road at 8:00 a.m. to 8:30 a.m. on work days.

18. Defendant was never ready to leave for the work site at the time plaintiff reported for work. Defendant would not arrive at 28 Dupay Road until one-half to one hour after plaintiff. Defendant would not be ready to leave for the work site until one to three hours after defendant arrived at 28 Dupay Road.

19. Plaintiff's rate of pay was $15.00 per hour for the entire period of his employment.

20. Defendant's failure to pay plaintiff the proper wages required by law was willful.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT)

21. Defendant failed to pay minimum wages to the plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. §207 et seq. and its implementing regulations.

22. Defendant's failure to comply with the FLSA minimum wage protections caused plaintiff to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
## (NEW YORK LABOR LAW)

23. Defendant failed to pay wages to the plaintiff for time worked in violation of New York Labor Law Articles 6 and 19 and their implementing regulations.

24. Defendant's failure to comply with the New York Labor Law wage protections caused plaintiff to suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

25. Defendant failed to pay plaintiff at the promised rate of $15.00 per hour for all hours that he worked for defendant.

26. Defendant's failure to pay plaintiff for all hours works constitutes a breach of contract.

27. Defendant's failure to comply with the terms of the contract between him and plaintiff caused plaintiff to suffer loss of wages and interest thereon.

WHEREFORE, plaintiff requests that this Court enter a Judgement in their favor:

A. Declaring that the defendant violated the Fair Labor Standards Act and New York Labor Law, Articles 6 and 19;

B. Declaring that the defendant's violations of the FLSA and New York Labor Law were willful;

C. Ordering defendant to pay plaintiff his unpaid minimum wages as secured by the Fair Labor Standards Act, as well as an equal amount in liquidated damages;

D. Ordering defendant to pay plaintiff his unpaid minimum wages and unpaid contract wages, and an additional 25% as liquidated damages, as secured by New York Labor Law, Articles 6 and 19, in an amount totaling $12,937.50;

E. Awarding the plaintiff his costs and reasonable attorneys' fees; and

F. Granting such further relief as the Court finds just, proper and equitable.

Dated: March 13, 2006

Respectfully Submitted,

Robert Selcov, Esq. (RS5937)
4371 Albany Post Road
Hyde Park, NY 12538
(845) 229-9440
Attorney for Plaintiff